In re José Soto Rivera, querellado.

No. 29.—*Visto:* Enero 27, 1931. *Resuelto:* Enero 14, 1932.

*Leopoldo Feliú,* abogado del querellado; *R. A. Gómez, Fiscal del Supremo.*

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El Fiscal de este Tribunal Supremo por delegación del Attorney General de Puerto Rico nos presentó el 15 de diciembre de 1930 querella contra el abogado en ejercicio en los tribunales de esta Isla, José Soto Rivera, para que lo separemos de la práctica de la abogacía, siendo los hechos en ella relatados los siguientes:

"Que allá para mediados del año 1926 Nicolás Ortiz estableció demanda de divorcio contra su esposa en la Corte de Distrito de San Juan, siendo su abogado el Lcdo. José Soto Rivera.

"Que para esa época poseían el señor Ortiz y su esposa una casa que habían adquirido del señor Jorge L. Zeno, quien a su vez la había adquirido de la asociación 'Constructora del Hogar.'

"Que sobre dicha propiedad pesaba una hipoteca a favor de dicha Constructora del Hogar por dos mil quinientos dollars que eran parte

1

del precio en que la había comprado el señor Jorge L. Zeno a dicha asociación, 'Constructora del Hogar.'

"Que dicha hipoteca para la época a que nos referimos había sido reducida por medio de pagos parciales a unos mil setecientos dollars.

"Que durante se tramitaba el pleito de divorcio establecido por Nicolás Ortiz contra su esposa en la Corte de Distrito de San Juan, éste se había atrasado en los pagos a la Constructora del Hogar hasta que allá para el mes de mayo de 1927, fecha en que todavía no se había terminado el pleito de divorcio, los atrasos de Ortiz en los pagos a la Constructora del Hogar montaban como a cuatrocientos dollars.

"Que en esa situación, la Constructora del Hogar amenazó al señor Ortiz con ejecutar la hipoteca para cobrar su crédito. Así las cosas, Ortiz consultó con su abogado, Ledo. José Soto Rivera, sobre la gravedad de su situación, aconsejándole dicho abogado hacer gestiones inmediatas para conseguir dinero a los fines indicados.

"Que entonces Francisco A. Martínez, amigo íntimo y compañero de oficina de Nicolás Ortiz, comunicó a éste que de sus ahorros y economías tenía en el banco quinientos dollars que estaba dispuesto à prestárselos y que le diera una segunda hipoteca sobre la casa, ya que la Constructora del Hogar tenía una primera hipoteca, a fin de que pudiera el señor Nicolás Ortiz pagar los plazos atrasados a la Constructora del Hogar y que no perdiera su casa.

"Que el día 4 de mayo de 1927 fueron los señores Nicolás Ortiz y Francisco A. Martínez a la oficina del Ledo. José Soto Rivera, situada en la calle Salvador Brau No. 42, de la ciudad de San Juan, Puerto Rico, y allí comunicó el señor Ortiz a su abogado, el Ledo. José Soto Rivera, que ya había conseguido los quinientos dollars para salvar su casa; que aunque no se debía toda esa cantidad a la Constructora del Hogar, él quería pagarla toda a fin de disminuir la deuda lo más posible, que preparara la escritura de hipoteca a favor del señor Martínez.

"Que entonces el Ledo. José Soto Rivera les expresó a dichos señores Ortiz y Martínez que no se podía hacer la operación sin una orden de la corte de distrito a causa del pleito de divorcio que estaba entablado, y que como ya era una hora avanzada del día, que le dejaran a él los quinientos dollars que al otro día, o sea, el 5 de mayo de 1927, él los depositaría en la Corte de Distrito y obtendría la orden de dicha corte para llevar a cabo la operación.

"Que el señor Nicolás Ortiz creyendo de buena fe en las manifestaciones que le hacía y en lo que le expresaba su abogado Ledo.

José Soto Rivera, en quien tenía depositada toda su confianza, pidió a Francisco Martínez los quinientos dollars que éste llevaba consigo en tres billetes de cien dollars y diez billetes de veinte dollars y se los entregó a su abogado el Lcdo. José Soto Rivera, quien expidió al señor Ortiz un recibo concebido en los siguientes términos:

" '$500.00, Mayo 4 de 1927.—RECIBÍ de don Nicolás Ortiz quinientos Dollars para depositar en la Corte en la solicitud de hipoteca planteada en su caso de divorcio, para amortizar a la deuda de la Constructora del Hogar. (Firmado) José Soto Rivera.'

"Que inmediatamente después el señor Nicolás Ortiz expidió a su vez otro recibo por la misma cantidad al señor Francisco A. Martínez.

"Que al día siguiente volvieron a la oficina del Lcdo. José Soto Rivera los señores Ortiz y Martínez a enterarse de si la corte había expedido la orden que expresaba el Lcdo. Soto Rivera era necesaria y si se podía hacer ya la escritura, manifestando el Lcdo. Soto Rivera a dichos señores Ortiz y Martínez que aunque había depositado ya el dinero en la Corte de Distrito de San Juan, no se podía hacer la escritura porque la corte no había dictado la orden.

"Que así las cosas, esperaron días y esperaron meses y siempre el Lcdo. José Soto Rivera usando las mismas evasivas hasta que por fin el día 14 de diciembre de 1927 se falló por la Corte de Distrito de San Juan el caso de divorcio que ante la misma había entablado contra su esposa el señor Nicolás Ortiz.

"Que cansados ya los señores Ortiz y Martínez de sus gestiones con el Lcdo. José Soto Rivera parà que éste otorgara la escritura de hipoteca a favor del señor Martínez, se decidieron dichos señores a indagar en la Corte de Distrito de San Juan si los quinientos dollars entregados por Ortiz al Lcdo. José Soto Rivera habían sido allí depositados por dicho abogado, obteniendo del secretario de dicha Corte de Distrito de San Juan una certificación de que no se había hecho tal depósito por el Lcdo. José Soto Rivera ni por ninguna otra persona a su nombre, resultando así falsas y fraudulentas las simulaciones y manifestaciones hechas por el Lcdo. José Soto Rivera a ese efecto. Que también concurrieron los señores Ortiz y Martínez a la oficina de la Constructora del Hogar a enterarse de si habían sido pagados por el Lcdo. Soto Rivera los quinientos dollars a dicha compañía para abonarlos a la cuenta de los pagos atrasados del señor Ortiz, obteniendo también una certificación negativa de dicha compañía expedida por el secretario de la misma, el Lcdo. Samuel Medina.

"Que en esta situación han estado los señores Ortiz y Martínez

constantemente gestionando con el Lcdo. José Soto Rivera la devolución de los quinientos dollars entregados a él por el señor Nicolás Ortiz y obtenidos por éste en la forma antes indicada y de cuyos quinientos dollars se ha apropiado el Lcdo. Soto Rivera, violando la confianza depositada en él por su cliente el señor Nicolás Ortiz y sin haber dedicado los quinientos dollars mencionados al fin para que le fueron entregados; y sin haber podido, hasta la fecha, dicho señor Nicolás Ortiz obtener la restitución por el Lcdo. Soto Rivera de dicha cantidad ni ninguna parte de ella.

"Que en distintas ocasiones el Lcdo. José Soto Rivera ha tratado de arreglar este asunto con los señores Nicolás Ortiz y Francisco A. Martínez por medio de ofertas hechas por dicho Lcdo. José Soto Rivera a dichos señores de darles pagarés e hipotecas sobre propiedades, cuyas ofertas han resultado también engañosas, pues ni los pagarés expresados han tenido valor alguno ni las propiedades sobre las cuales ha ofrecido hipotecas han resultado ser de su pertenencia."

Señalado día para oír al querellado y las pruebas de las partes, éstas presentaron las que estimaron convenientes informando después oralmente sus abogados y quedó el caso pendiente de decisión, que ha tardado por el largo tiempo invertido por los taquígrafos en la reproducción a máquina de sus notas tomadas en el juicio.

Por el conjunto de las pruebas practicadas llegamos a la conclusión, fuera de duda razonable, de que el fiscal ha probado sustancialmente los hechos expuestos en su querella. Esos $500 nunca los depositó el querellado en la corte de distrito. A los dos años de haberlos recibido, en 29 de octubre de 1929, la firma profesional de abogados Besosa & Besosa lo requirió para que pagase dicha cantidad, y después de varias ofertas sin éxito que hizo el querellado para garantizar la devolución de dicho dinero, entregó a dichos abogados un pagaré del municipio de Río Pidras por $500, librado a favor del querellado, vencedero en 1932, endosado a favor de Nicolás Ortiz y se comprometió con esos abogados a pagar $200 por intereses, los que no satisfizo hasta el 9 de enero de 1931, después de estar presentada la querella en este Tribunal Supremo.

La defensa del querellado ha sido que esos $500 tenían que ser depositados en el tribunal que conocía del pleito de divorcio pero que después convino con Ortiz en que quedaran en su poder como préstamo, pero esto ha sido negado por Nicolás Ortiz, a quien creemos, entre otras razones porque si Ortiz tomó ese dinero a préstamo a otra persona para satisfacer los atrasos que tenía en la hipoteca con cuya ejecución se le estaba amenazando, no parece creíble que fuera a darlos en préstamo al querellado.

La conducta seguida por el querellado aplicando a su uso personal la cantidad de dinero que su cliente Nicolás Ortiz dejó en su poder como depósito para pagar los atrasos de su deuda hipotecaria es impropia y abusiva de un abogado en sus relaciones de confianza con su cliente y lo hace culpable de engaño para con él, aparejando su separación o suspensión en el ejercicio de la profesión de abogado, y consiguientemente en la de notario; pero atendidas las circunstancias de este caso y de que posteriormente pagó la cantidad retenida e intereses de ella, nos limitaremos a suspenderle en el ejercicio de la profesión de abogado y en el de la de notario por el término de dos años.